UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELSON SUMPTER,

        Petitioner,

                                    CASE NO. 2:11-CV-13385

    v.                            JUDGE ROBERT H. CLELAND
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

MARY BERGHUIS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY (docket #18)

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability. The Court should also deny petitioner's motion for immediate release from custody.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Nelson Sumpter is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan.

    2.    On November 12, 2008, petitioner was convicted of fourteen counts of uttering and publishing, MICH. COMP. LAWS § 750.249; twelve counts of forgery, MICH. COMP. LAWS § 750.248; eight counts of false pretenses, MICH. COMP. LAWS § 750.218(5)(C); four counts of money laundering, MICH. COMP. LAWS § 750.411n; and three counts of identity theft, MICH. COMP. LAWS § 445.65, following a bench trial in the Wayne County Circuit Court. On December 5, 2008, he was

sentenced to a term of 114 months' to 25 years' imprisonment.

3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through

counsel, the following claims:

I.    A search warrant issued for petitioner's home, vehicle and computer was invalid because it was not supported by probable cause.

II.    Petitioner was unfairly prejudiced by the prosecution's delay in providing him with copies of the search warrants and affidavits.

III.    Petitioner was deprived of his due process rights because of the prosecutor's wrongful use of investigative subpoenas.

IV.    The trial court improperly refused to allow petitioner to turn on his laptop computer at trial.

IV.    The admission of the laptop computer and the disk copy of information obtained from the hard drive violated MCL 600.4703a, MRE 803(6), and petitioner's constitutional right to confrontation and due process of law.

VI.    Petitioner was deprived of his right to due process because he was required to stand trial in Wayne County.

VII.    The prosecutor failed to present sufficient evidence to convict petitioner of the charged offenses.

VIII.    Petitioner's convictions are against the great weight of the evidence.

IX.    The district court erred in denying his motion to suppress evidence and to dismiss cases involving the fraudulent power of attorney documents at the preliminary examination.

X.    The use of Deputy Cox as the complaining witness for the complaint was improper.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and

sentence. *See People v. Sumpter*, Nos. 289835, 292814, 2010 WL 4774251 (Mich. Ct. App., Nov.

23, 2010) (per curiam).

4.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan

2

Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard

order. *See People v. Sumpter*, 489 Mich. 933, 797 N.W.2d 149 (2011).

     5.     Petitioner did not file a motion for relief from judgment in the trial court.

     6.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on August 4, 2011. As grounds for the writ of habeas corpus, he raises five issues:

> I.     Petitioner's Fourth Amendment Right against search and seizure was violated by the use of search warrants not properly signed and/or dated and by petitioner's arrest without probable cause.
>
> II.     Petitioner's Sixth Amendment rights to confrontation and a speedy trial were violated by the prosecution's suppression and subsequent delay in providing him with the affidavits in support of the search warrants. Further, the prosecution committed a patent Brady violation by suppressing clearly exculpatory testimonial evidence for several months after petitioner was arrested and charged. This deprived petitioner of a timely review of the evidence to allow him to incorporate it into his defense. This also violated petitioner's right to a defense, as did the requirement that petitioner pay in excess of $6,000 to obtain these discovery materials from the prosecution.
>
> III.     Petitioner's Fifth Amendment Right against self-incrimination was violated by the use of incriminating documents and information from petitioner's laptop computer.
>
> IV.     Petitioner's due process rights were violated by the trial court's refusal to allow him to turn on his laptop computer in order to enter demonstrative evidence about its use into the record.
>
> V.     There was insufficient evidence to support the essential elements of the crimes alleged against petitioner.

     7.     Respondent filed her answer on March 12, 2012. She contends that petitioner is not

entitled to habeas relief. Further, respondent opposes any and all requests for evidentiary hearings

and discovery.

     8.     Petitioner filed a reply to respondent's answer on April 12, 2012.

B.     *Factual Background Underlying Petitioner's Conviction*

The evidence underlying petitioner's convictions was accurately summarized by the Michigan Court of Appeals:

> Petitioner's convictions arise from a series of fraudulent real estate transactions involving property located in Detroit. Three of the consolidated cases involve schemes whereby petitioner acquired personal information and an electronic signature from property owners and then used that information to prepare fraudulent powers of attorney that were used to sell the owners' properties without their knowledge or consent. In each instance, the purchaser obtained a mortgage loan and the proceeds were disbursed to companies owned or controlled by petitioner. In two instances, the title company made a disbursement by issuing a check that was payable to the property owner, but petitioner cashed the check at a check-cashing business by endorsing it after the forged endorsement of the property owner. In the fourth case, evidence was presented that petitioner was involved in selling the same real property to two different purchasers within one week. Again, mortgage loan proceeds were diverted to a company owned by petitioner.
>
> *Sumpter*, 2010 WL 4774251, at *1.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

4

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529

U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Under § 2254(d)(2), "a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wood v. Allen*, 130 S. Ct. 841, 845 (2010). "The term 'unreasonable' is no doubt difficult to define." *Williams*, 529 U.S. at 410 (2000). "It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood*, 130 S. Ct. at 849. As such, "even if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Id.*

Therefore, "[t]he question under AEDPA is not whether a federal court believes the state

6

court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold. [§ 2254(e)(1)] also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007).

D.    *Analysis of Petitioner's Substantive Claims*

   1.    *Fourth Amendment Violations*

      a.    *Probable Cause for Search Warrants*

Petitioner's first claim is that various search warrants issued for his home, vehicle and computer were invalid because they were not supported by probable cause. Petitioners Reply Brief, 17. In particular, petitioner claims that the search warrants either were not dated or were not signed by a magistrate. *Id.* Petitioner filed a motion to suppress on April 11, 2008. The trial court denied the motion on August 28, 2008. As part of his claim, petitioner argues that the trial court did not provide a full and fair consideration of his claims. *Id.* at 19.

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." This is because in the context of federal habeas proceedings, "the contribution of the exclusionary rule ... to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-495. Here, petitioner is arguing that the state courts did not provide him with a full and fair consideration of his Fourth Amendment claims as required by *Powell* and other relevant Supreme Court precedent. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). In

support of this position, petitioner notes the court of appeals' opinion that "the trial court's August 28, 2008, opinion did not address whether there was probable cause to support any search warrant." Petitioner's Reply Brief, 19; *Sumpter*, 2010 WL 4774251, at *1. Petitioner's claim, however, lacks merit because the court of appeals did not imply that there was no consideration at all of petitioner's federal constitutional claims at the trial court level. Rather, the court of appeals simply was addressing the question of whether petitioner's claims were properly preserved for appeal at the trial court level. In this regard, the court of appeals stated that "although the trial court recognized that defendant had raised a challenge to a warrant on the ground that it stated no probable cause for his arrest nor did it have an affidavit attached, the court declined to further consider that issue because defendant failed to specify which warrant he was contesting." *Id.*

Upon review of the record, it appears that the trial court, after giving petitioner's claims a full and fair consideration as required by *Powell*, chose to reject them because petitioner did not specifically state which of the search warrants he was contesting in his motion. It was for this reason that the court of appeals held that the issue was unpreserved for appellate review. *Sumpter*, 2010 WL 4774251, at *1. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This is because federal courts have no power to engage in direct review of state court decisions that were based solely on determinations of state law. *See Id*. "Without [this] rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in

8

enforcing its laws." *Id.* at 730. This doctrine applies to both state substantive and procedural rules. *Id.* at 729-30.

Here, the court of appeals was relying on a procedural rule to bar petitioner's claims for relief, citing Petitioner's failure to preserve the issues for review at the trial court level. *Sumpter*, 2010 WL 4774251, at *1. The general rule is that state courts should "express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest," *Coleman*, 501 U.S. at 739, although they are not confined to using particular language. *See id.* However, "federal courts on habeas corpus review of state prisoner claims … will presume that there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Id.* at 734-35.

In Michigan, as in many other states, criminal defendants must present their claims to the trial court before raising them on appeal. *See People v. Carines*, 460 Mich. 750, 761-64 (1999). In the current scenario, the court of appeals expressly stated that it was denying petitioner's claim related to the search warrants based on this procedural rule disallowing unpreserved issues to be raised on appeal: "Thus, the September 20, 2007 warrant and affidavit are not properly before this Court for review." *Sumpter*, 2010 WL 4774251, at *1. No mention of federal law is present in the nine paragraphs of the court of appeals' opinion dealing with petitioner's claim related to the search warrants; and it is only after expressly stating that petitioner did not properly preserve the issue for appeal did the court engage in a plain error analysis of defendant's substantial rights for unpreserved issues. *Sumpter*, 2010 WL 4774251, at 2. The situation here is in direct contrast to *Harris v. Reed*,

489 U.S. 255, 266 (1989), where the Supreme Court found that the Illinois Appellate Court's statement that "most of petitioner's allegations could have been raised on direct appeal" fell short of an explicit reliance on a state-law ground. Here, the court of appeals clearly and expressly relied on an independent and adequate state ground within the meaning of *Coleman*, and as such, this Court is precluded from considering Petitioner's claims regarding the search warrants.

There are only two narrow exceptions to the rule of procedural default of a petitioner's habeas claims: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Supreme Court clarified that in applying these exceptions, consideration must be paid to important state interests in preserving the finality of state judgments: "We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Id.*

In *Coleman*, the defendant claimed that the late filing of his appeal was the result of attorney error and that this error was of sufficient magnitude so as to excuse the procedural default of his habeas claim. *Id.* at 752. The Court thought otherwise, holding that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Id.* Petitioner is not claiming attorney error here. As such, petitioner has not shown either cause for the default and actual

prejudice or a fundamental miscarriage of justice. In any event, this claim is without merit. For a petitioner to have had a fair opportunity to present his Fourth Amendment claim under the *Stone* rule, "the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985); *see also*, *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982); *Willett v. Lockhart*, 37 F.3d 1271-72 (8th Cir. 1994). The requirement that there be, in the abstract, a mechanism by which to raise the Fourth Amendment claim "is met when state procedures provide a meaningful vehicle for a prisoner to raise a fourth amendment claim." *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985). There is no question that Michigan provides such a mechanism, in the abstract, to raise and litigate Fourth Amendment claims. *See Markham v. Smith*, 10 Fed. Appx. 323, 327 (6th Cir. 2001); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). The fact that petitioner did not avail himself of this opportunity in a procedurally proper manner does not bring his claim outside the *Stone* rule. *See Moreno v. Dretke*, 362 F. Supp. 2d 773, 794-95 (W.D. Tex. 2005); *cf. Markham v. Smith*, 10 Fed. Appx. 323, 326-27 (6th Cir. 2001) ("All that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." Accordingly, petitioner's Fourth Amendment claim is not cognizable on habeas review.

      b.    *Unlawful Arrest*

With respect to petitioner's claim that he was unlawfully arrested by state authorities subsequent to the issuance of the search warrants, a review of the record indicates that petitioner did not raise this claim in the state courts. Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a

writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State." Subsection (c) states that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." As it stands, petitioner did not raise this claim in the state courts below, and thus it is unexhausted. In any event, this claim is plainly meritless *See* 28 U.S.C. § 2254(b)(2) (petition may be denied on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). It is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119 (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge the preliminary procedures employed prior to his trial. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

    2.    *Suppression of Search Warrants*

        a.    <u>*Brady* Violation</u>

Petitioner's next claim is that the prosecution improperly withheld exculpatory or impeaching evidence in the form of affidavits in support of the warrants, in violation of state law and his federal constitutional rights. Petitioner's Reply Brief, 26. Contrary to what respondent asserts, the record discloses that petitioner did in fact raise a due process claim in the court of appeals: "On

appeal, defendant argues that the delay in providing the search warrants and affidavits affected his constitutional rights to confrontation, a speedy trial, and *due process*." *Sumpter*, 2010 WL 4774251, at \*4 (emphasis added). A *Brady* violation is a due process claim. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, the court of appeals only addressed defendant's Sixth Amendment (confrontation clause and speedy trial) claims in its opinion. After disposing of both, one on a procedural ground and the other on substantive review, the court held that "[f]inally, defendant's due process claim is based on the alleged violations of his rights to confrontation and a speedy trial. Because there is no merit to those claims, defendant's due process claim cannot succeed." *Sumpter*, 2010 WL 4774251, at \*5.

Because the court of appeals directly considered this issue, albeit in relation with two other claims of a similar nature on appeal, this claim is proper for review pursuant to § 2254(d)(1). As discussed above, the court of appeals never addressed petitioner's due process claim; it merely reviewed petitioner's two other constitutional claims based on the Sixth Amendment and then assumed that the resolution of those issues was dispositive of the due process claim. *Id.* This is clearly not the case. Rather, petitioner's due process claim should have been analyzed on its own, considering that the other two issues that were presented, although in conjunction with the suppression of the affidavits, were premised on constitutional violations of a different nature.

According to § 2254(d)(1), a petition for a writ of habeas corpus cannot be granted unless adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The court of appeals' decision with respect to petitioner's due process claim, although premised on faulty reasoning, nevertheless does not meet the standard of § 2254(d)(1) in that the

court did not apply a rule that contradicts the governing law set forth in Supreme Court cases, *Mitchell*, 540 U.S. at 15, nor did it unreasonably apply the governing legal principle from the Supreme Court to the facts of petitioner's case. *Wiggins*, 539 U.S. at 520. As the Respondent notes, "[p]etitioner's complaint is not that the evidence was never turned over by the prosecution, just that there was a delay before it was. Petitioner was given this material many months before trial." Respondent's Answer in Opposition, 37. A *Brady* violation occurs only where the prosecution *suppresses* favorable evidence to be given to the accused, not when it delays this evidence. *See Brady*, 373 U.S. at 87. A claim based on delayed evidence is proper under the Fifth Amendment guarantee of a speedy trial. As such, Petitioner's claim with respect to the suppression of evidence in violation of *Brady* is without merit.

    b.  *Speedy Trial*

    Petitioner also claims that the suppression of the warrants and the subsequent delay in his receiving them from the prosecutor led to his being denied his constitutional right to a speedy trial as guaranteed by the Fifth Amendment. The court of appeals rejected petitioner's claim on the ground that petitioner did not present a factual basis for a finding that the memories of any witnesses were affected. A review of the record shows that petitioner indeed did not present any evidence showing that the memories of witnesses were affected adversely as a result of the prosecutor's delay in giving petitioner the affidavits in support; rather, it appears that petitioner merely relied on conclusory allegations to support his argument. This Court will not review a state court's factual determination unless it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court of appeals' decision does not even remotely meet this threshold because there was more than sufficient evidence for the court to rely on

14

in making its decision. As such, this Court cannot second-guess that decision and this claim is without merit.

### c.    *Confrontation Clause*

With respect to petitioner's claim based on a violation of his Sixth Amendment right of confrontation, the court of appeals considered this issue and rejected it based on a procedural bar due to petitioner's failure to timely raise this argument in the trial court. As stated above, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729. Because the court of appeals made clear in its opinion that it was relying on the state procedural rule in barring petitioner's claim, this issue is non-cognizable in this Court.

### 3.    *Self-Incrimination*

Petitioner next claims that his Fifth Amendment right against self-incrimination was violated by the admission into evidence of his laptop computer files because they were "his words." A substantive review of this wholly frivolous claim is unnecessary because petitioner did not raise it in the court of appeals and thus did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). In any event, this claim is completely without merit. The Fifth Amendment privilege against self-incrimination "protects a person … against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976). For this privilege to apply, the communication must be compelled, testimonial, and incriminating in nature. *See id.* at 408. Here, petitioner was under no compulsion to create or maintain the records and statements on his computer that were involved at trial. In such a case, there is no compulsion, and the Fifth

15

Amendment privilege against self-incrimination is not implicated. *See Andersen v. Maryland*, 427 U.S. 463, 473-75 (1976). Accordingly, this claim is without merit.

       4.     *Laptop Computer and Due Process Violation*

Petitioner makes the argument that the trial court's refusal to allow him to turn on his laptop computer violated his constitutional right to due process of law. Specifically, petitioner claims that he was stripped of his right to present a defense, but as the court of appeals noted, "the right to present a defense is not absolute, as a defendant must still comply with established rules of procedure to assure fairness and reliability in the ascertainment of guilt or innocence." *Sumpter*, 2010 WL 4774251, at *7. Here, it appears that the trial judge also served as the trier of fact and in this capacity, "found no need for a demonstration of how the computer functions when it was turned on." *Id.* at 6. In *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011), the Supreme Court chastised the Ninth Circuit for affirming a grant of a writ of habeas corpus that was premised on a holding that "the state courts had misapplied California's 'some evidence' rule." In overruling its decision, the Supreme Court noted that "the Ninth Circuit must have assumed either that federal habeas relief is available for an error of state law, or that correct application of the State's 'some evidence' standard is required by the federal Due Process Clause. Neither assumption is correct." *Id.* In the words of the Court: "We have stated many times that federal habeas corpus relief does not lie for errors of state law." *Id.* The court of appeals' decision was based on an application of state law and thus is non-cognizable in this Court pursuant to *Swarthout*.

       5.     *Sufficiency of the Evidence*

Petitioner's final claim is that the prosecutor failed to present sufficient evidence to convict him of the charged offenses beyond a reasonable doubt. Specifically, petitioner challenges his

16

convictions for false pretenses over $20,000, MCL 750.218(1). The elements of that offense are "(1) a false representation concerning an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the representation with intent to deceive, and (4) detrimental reliance on the false representation by the victim." *Sumpter*, 2010 WL 4774251, at *11.

The court of appeals rejected petitioner's claim on this issue. In so doing, it applied *Jackson v. Virginia*, 443 U.S. 307 (1979). According to *Jackson*, in passing over a sufficiency of the evidence claim in a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard thus allows for the "trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* Reviewing the trial court's factual determinations in this regard and with the due deference they are to be accorded under *Jackson*, it is apparent that the factual record supplied more than enough evidence to convict petitioner not only of the eight counts of false pretenses, but every one of the forty-one counts against him. Viewed in the light most favorable to the prosecution and allowing the fact-finder, in this case the judge, to draw any reasonable inferences from basic to ultimate facts, this Court cannot say that the trial court's or court of appeals' decision was based on an "unreasonable determination of the facts in light of the evidence presented" under § 2254(d)(2), or amounted to an unreasonable application of clearly established federal law under § 2254(d)(1).

E.     *Motion for Release from Custody*

On June 15, 2012, petitioner filed a motion for immediate release from custody, in which he requests that the Court release him on bond pending the resolution of his habeas application.   "It is

17

recognized that a federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus." *Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) (citing cases). *But cf. In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001) (recognizing split in authority as to whether habeas court may order release on bond pending the district court's resolution of the petition). However, because a habeas petition challenges a valid, final state court judgment, principles of federalism and comity require a federal habeas court to tread lightly before interfering with a state's execution of a valid sentence by ordering release on bond. *See Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988); *cf. Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985) ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted."). Thus, a district court's power to order release pending disposition of an application for habeas relief is "limited" and properly exercised in "special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

In order to be entitled to release pending disposition, a habeas petitioner must make two showings. First, he must show that his petition raises substantial constitutional questions on which he is likely to prevail. Second, he must show that "extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy." *Johnson*, 877 F. Supp. at 570; *accord Mapp*, 241 F.3d at 226; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).[1]

---

[1]A separate set of standards applies when bond is sought after the district court has adjudicated the

Here, for the reasons explained above, petitioner does not have a substantial probability of success on the merits of his claims.  Further, he has failed to demonstrate any special circumstances justifying the extraordinary relief of release on bond.  It is not enough for petitioner to show that he has potentially meritorious claims, or that he has a place to live and work and will not pose a risk to the community.  In order to make this showing, petitioner must demonstrate that his case is "distinguishable from other habeas cases." *Rado*, 699 F. Supp. at 26.  The situations in which extraordinary circumstances will be found "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).  Petitioner's claim of constitutional error in his trial does not present an extraordinary circumstance, as "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin*, 801 F.2d at 330.  Nor does petitioner's claim that he is actually innocent amount to an extraordinary circumstance; a habeas petitioner "comes before the court with a strong–and in the vast majority of cases conclusive–presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n.42 (1995).  In short, petitioner has "made no showing of a medical emergency or any other special circumstance" justifying release on bond. *Martin*, 801 F.2d at 330.  Thus, he is not entitled to be released on bond pending the Court's disposition of his application for the writ of habeas corpus. *See Roe*, 257 F.3d at 1080-81 (petitioner not entitled to release on bond despite failing health, the seriousness of the allegations in the petition, petitioner having a place to reside, and codefendant's statement that petitioner was not involved in the crime); *Landano*, 970 F.2d at 1240-41 (petitioner not entitled to release on bond despite making strong showing of actual innocence,

---

petition, either granting or denying relief on the merits. *See Hilton v. Braunskill*, 481 U.S. 770 (1987); FED. R. APP. P. 23(b), (c).  These separate standards are inapplicable where, as here, a petitioner seeks bond prior to the district court's adjudication of the petition. *See United States v. Stewart*, 127 F. Supp. 2d 670, 672 (E.D. Pa. 2001).

lack of state court provisions for bond during post-conviction proceedings, and no risk of flight).

F.     *Recommendation Regarding Certificate of Appealability*

    1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]"  *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. §

2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.     *Analysis*

This Court should reject petitioner's claims regarding a lack of probable cause for the search warrants and the confrontation clause violation based on a procedural bar applied by the state court. According to *Slack*, 529 U.S. at 478, "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" (emphasis added).

Petitioner's argument on lack of probable cause, even if meritorious, is not cognizable on

21

habeas review. Further, as shown above, the subject of debate must go not only to the substantive constitutional issue, but *also* as to whether the district court's procedural ruling is itself a valid subject of debate. Because this Court's ruling regarding the procedural bar is sound and can give way to no further discussion, it cannot be a subject of debate among reasonable jurists as required by *Slack*. This is also the case concerning the procedural bar applied on the confrontation clause issue. As such, neither of these issues should give way to a certificate of appealability. Similarly, petitioner's unlawful arrest and self-incrimination arguments were not exhausted in state court and are clearly meritless, and thus can present no cause for review pursuant to a certificate of appealability. Finally, the resolution of petitioner's remaining claims is not reasonably debatable for the reasons explained above.

G.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability and deny his motion for immediate release from custody.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*,

932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 10/15/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on October 15, 2012.

s/Eddrey Butts
Case Manager

23