UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELSON SUMPTER,

        Petitioner,                              Case No. 11-cv-13385
                                                        HON. GERSHWIN A. DRAIN

vs.

MARY BERGHUIS,

        Respondent.

_____/

ORDER ACCEPTING AND MODIFYING REPORT AND RECOMMENDATION [Dkt.#22], DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY [#18], DENYING PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT [#19], DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT [#21], DENYING PETITIONER'S MOTION FOR LEAVE OF THE COURT AND REQUEST FOR DISCOVERY AND APPOINTMENT OF COUNSEL [#24], DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

I. INTRODUCTION

On October 15, 2012, Magistrate Judge Paul J. Komives filed a report and recommendation recommending that the court deny petitioner's application for the writ of habeas corpus and deny a certificate of appealability. On November 12, 2008, following a bench trial in the Wayne County Circuit Court, Petitioner was convicted of forty-one counts in four separate cases consolidated for trial. Petitioner was convicted of fourteen counts of uttering and publishing in violation of MICH. COMP. LAWS § 750.249; twelve counts of forgery in violation of MICH. COMP. LAWS § 750.248; eight counts of false pretenses in

violation of MICH. COMP. LAWS § 750.218(5)(C); four counts of money laundering in violation of MICH. COMP. LAWS § 445.65; and three counts of identity theft in violation of MICH. COMP. LAWS § 445.65.

On October 29, 2012, petitioner filed his objections to the report and recommendation. Upon review of the parties' briefs, the report and recommendation, and petitioner's objections, the court concludes that the magistrate judge reached the correct conclusion that Petitioner is not entitled to the writ of habeas corpus. Petitioner's petition for a writ of habeas corpus is denied and a certificate of appealability shall not issue in this matter.

## II. ANALYSIS

### A. Standard of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Objection #1

Petitioner first objects to the Report and Recommendation because the Magistrate Judge failed to review the claims submitted in his Supplemental Petition. *See* Dkt. No. 13. Petitioner is correct that the Report and Recommendation fails to address the claims

presented in his Supplemental Petition.[1]  Thus, the Court modifies the factual findings and legal conclusions in the report and recommendation to include the following discussion and analysis of the claims presented in the Supplemental Petition.  However, these claims do not entitle Petitioner to the issuance of a writ of habeas corpus.

Petitioner raises two claims in his supplemental petition.  First, Petitioner argues that the state court violated his right to access the courts because his state petition for a writ of habeas corpus was decided without a hearing.  This claim is non-cognizable in federal habeas corpus proceedings.  "[C]laims challenging state collateral post-conviction proceedings cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254, because the essence of habeas corpus is an attack by a person in custody upon the legaility of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *see also, Kerby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) ("[T]he writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as [the petitioner] claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.")  Therefore, Petitioner's claim that he was denied access to the courts because his state habeas petition was decided on the briefs does not warrant federal habeas relief.

The second claim presented in Petitioner's Supplemental Petition is nearly identical to the first claim he raised in his original petition for a writ of habeas corpus.  Specifically,

---

[1] Petitioner filed two separate habeas petitions raising claims related to Petitioner's underlying convictions.  On March 29, 2012, this Court consolidated the two cases, directed the Clerk of the Court to file the petition in case number 11-cv-15060 as a supplemental petition in this case.  *See* Dkt. No. 11.

Petitioner argues that his conviction is invalid because it was based on an invalid complaint and arrest warrant. This claim is likewise non-cognizable in § 2254 proceedings. As the Magistrate Judge correctly found as to the Fourth Amendment claim raised in his original petition, the United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1979) bars Petitioner's Fourth Amendment claims. In *Stone*, the court concluded "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494-95.

A full and fair opportunity to present a Fourth Amendment claim will be found if "the state procedural mechanism, in the abstract, presents the opportunity to raise a [F]ourth amendment claim" and if presentation of the claim was not "frustrated as a result of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947 (6th Cir. 2000); *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). The United States Court of Appeals for the Sixth Circuit "has held that *Stone v. Powell* requires only an opportunity for full and fair consideration of a claim for suppression of evidence and that it is up to the claimant and his counsel to decide what use, if any, is to be made of that opportunity." *Slaughter v. Hesson*, No. 90-6242, 1991 U.S. App. LEXIS 6111, *3-4 (6th Cir. April 4, 1991) (quoting *Jennings v. Rees*, 800 F.2d 72, 75-77(6th Cir. 1986)).

Here, Petitioner filed a motion to suppress in the trial court on April 11, 2008. Petitioner's motion to suppress argued that the search of his home, vehicle, and computer were invalid because the search warrants lacked probable cause. The trial court denied his motion on August 28, 2008 because Petitioner failed to specify which warrant he was

contesting. Petitioner was permitted to re-argue his motion for suppression after he was allowed to represent himself on October 30, 2008 before the Honorable Brian Sullivan. *See* Dkt. No. 10-12 at 58.

Additionally, Petitioner raised his claim that a September 20, 2007 search warrant was invalid because it was not supported by probable cause before the Michigan Court of Appeals. The Michigan Court of Appeals first determined that Petitioner had not properly preserved his Fourth Amendment claim because he failed to preserve the issue before the trial court. *See People v. Sumpter*, No. 289835, 292814, 2010 Mich. App. LEXIS 2252, *2-4 (Mich. Ct. App. Nov. 23, 2010). However, the Michigan Court of Appeals held that "[e]ven if this issue was properly before us, we would reject defendant's request for relief[;]. . . . there is no merit to defendant's argument that the September 20, 2007, search warrant and affidavit failed to pass constitutional muster." *Sumpter*, 2010 Mich. App. LEXIS 2252, at *4-5.

Thus, the record reveals that Petitioner had a full and fair opportunity to present his Fourth Amendment claims to the Michigan courts and that his argument relative to illegal searches was rejected by the state trial and state appellate court. Petitioner is not entitled to relief on this claim.

### C. Objection #2

Petitioner also argues that the Report and Recommendation failed to address his *Brady* claim relative to his assertion that the prosecution withheld several investigative subpoenas. Petitioner is likewise correct that the Report and Recommendation fails to address these factual allegations relative to his *Brady* claim. However, Petitioner is not entitled to relief on this claim because he failed to fairly present it to the state courts, thus

it is unexhausted. In any event, even if he had fairly presented his claim to the state courts, he would not be entitled to habeas relief.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "[I]t is not enough that all the facts necessary to support a federal claim were before the state courts." *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986). Nor is it enough "that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must have "fairly presented" the "substance" of his claim to the state court. *Id.* On direct appeal, Petitioner did not rely on *Brady* and its progeny, rather he argued only that the prosecution's use of the investigative subpoenas violated his rights under the Fifth and Fourteenth Amendments because the prosecutor issued a series of investigative subpoenas in violation MICH. COMP. LAWS § 767A.3, which would have provided Petitioner the opportunity to challenge the issuance of such subpoenas. *See* Dkt. No. 10-26 at 84-85. Thus, Petitioner never argued in the state courts that his *Brady* rights were violated by the suppression of the investigative subpoenas, thus this claim is unexhausted.

In any event, even if this claim were properly before this court, it is without merit. *See* 28 U.S.C. § 2254(b)(2) (petition may be denied on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") In order for Petitioner to establish a *Brady* violation, he must show that "the prosecutor suppressed evidence; that such evidence was favorable to the defense; and that the suppressed evidence was material." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). Here, Petitioner argues that the investigative subpoenas "were suppressed for several

-6-

months after petitioner was subjected to jeopardy . . . ." Pet.'s Objs. at 5. Thus, even Petitioner does not maintain that copies of the subpoenas were never disclosed to the defense. Further, and more importantly, Petitioner has not demonstrated, or even argued that any exculpatory evidence was contained in these subpoenas or that such evidence was material.

There is no *Brady* violation where the defendant "knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." *Carter*, 218 F.3d at 601. Here, the Michigan Court of Appeals noted that "it is clear from the record that defendant was provided with copies of witness statements, because he relied on investigative subpoena transcripts as support for his pretrial motion to suppress the testimony of the subpoenaed witnesses." *Sumpter*, 2010 Mich. App. LEXIS 2252, *15-16. Petitioner is not entitled to relief on this claim.

### D. Objection #3

In his third objection, Petitioner merely re-raises his first and second objections regarding the Magistrate Judge's failure to address all of his claims. This objection is indistinguishable from Petitioner's first and second objections, which have been addressed *supra*.

### E. Objection #4

Petitioner next objects to the fact that the Magistrate Judge rephrased his first claim, which was that "the search warrants as [sic] issue were NOT SIGNED or DATED by an issuing magistrate or judicial officer, constitutes illegal acts by State law enforcement

personnel." Petr.'s Obj. at 8. Petitioner argues that the Magistrate Judge "erroneously restated Petitioner's claim by writing 'properly signed and/or dated and by petitioner's arrest without probable cause.'" *Id*. at 8-9. Petitioner's objection is without merit. The Magistrate Judge correctly identified the substance of Petitioner's claim and properly rejected it as lacking merit as discussed in section II.B. of this Order.

### F.  Objection #5

Petitioner's next objection is likewise lacking in merit. Petitioner claims that the Magistrate Judge incorrectly construed his second claim as a *Brady* violation resulting from the suppression of the search warrant affidavits. Petitioner maintains that this claim was for the deprivation "of his constitutional right to have prepared a timely and cost-effective defense." Petr. Obj. at 9. While the Court concludes that the Magistrate Judge correctly construed Petitioner's claim as alleging a *Brady* violation, even if the Magistrate Judge had analyzed Petitioner's claim as he presents it in his objections, such a claim is not entitled to habeas relief.

The record reveals that the suppressed materials were provided to Petitioner in January of 2008. *See* Dkt. No. 10-12 at 23. Petitioner's trial occurred in November of 2008. Petitioner fails to advise the Court of how he was prejudiced by receiving these materials in January of 2008 rather than in September of 2007 when the first search warrant was executed. Petitioner had the materials well in advance of his trial. Petitioner fails to indicate how he was deprived of the ability to prepare a timely and cost-effective defense. Petitioner is not entitled to relief based on the alleged suppression of the search warrant affidavits.

### G. Objection #6

While not entirely clear, it appears that Petitioner next objects to the manner in which the Magistrate Judge reviewed Petitioner's due process claim concerning the trial court's refusal to allow him to turn on his laptop computer. Petitioner argues in his objection that "Petitioner's Ground Five never stated that any information was received from 'his computer.' Contrary to the Magistrate's wording, Petitioner's self-incrimination claim essentially argued 'where the trial court's ruling to grant admission and subsequently allow for the State Prosecutor to rely upon a laptop computer marked as Peoples Exhibit #163 to convict Petitioner, as stated seized from his residence, deprived Petitioner of Fifth Amendment protection against being incriminated by his own testimonial communications." Petr.'s Objs. at 9.

Contrary to Petitioner's argument, this claim was presented as a violation of the Due Process clause, and the Magistrate Judge correctly concluded that Petitioner's claim lacks merit. In any event, Petitioner never asserted that his Fifth Amendment privilege against self incrimination was violated by the trial court permitting the introduction of documents seized from Petitioner's laptop computer. Thus, Petitioner's claim is unexhausted because he did not "fairly present" his federal claim to the state courts so they had a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Harris v. Rees*, 794 F.2d at 1174; *see also Anderson v. Harless*, 459 U.S. at 6. On direct appeal, Petitioner did not rely upon his privilege against self-incrimination in arguing that the admission of documents from his laptop computer violated his rights under the Fifth Amendments. *See* Dkt. No. 10-26 at 99-103.

Even if this claim was properly before the Court, it would not entitle Petitioner to a

4:11-cv-13385-GAD-PJK   Doc # 25   Filed 11/20/12   Pg 10 of 16   Pg ID 3069

writ of habeas corpus because it lacks merit. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. amend. V. "[T]he privilege protects a person only against being incriminated by his own compelled testimonial communications." *United States v. Doe*, 465 U.S. 605, 610-11 (1984). The Fifth Amendment is not violated by the sole fact that documents "on their face might incriminate the [person], for the privilege protects a person only against being incriminated by his own compelled testimonial communications." *Id.* at 611. "More relevant to this case is the settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not "compelled" within the meaning of the privilege." *United States v. Hubbell*, 530 U.S. 27, 35-36 (2000).

Thus, to the extent, Petitioner argues that introduction of documents seized from Petitioner's laptop computer violated his privilege against self-incrimination, such a claim does not set forth a violation under the Fifth Amendment. Petitioner does not argue that any document seized from his computer was created involuntarily, thus their creation was voluntary and not compelled. Petitioner is not entitled to relief on this claim.

H.  Objection #7

Petitioner next objects to the fact that the Magistrate Judge did not cite to portions of the trial transcripts in support of his findings of fact and conclusions of law. Additionally, Petitioner apparently disagrees with the Magistrate Judge's reliance on the Michigan Court of Appeal's summary of the evidence introduced during Petitioner's trial. However, state court factual determinations are entitled to a presumption of correctness. *See* 28 U.S.C.

-10-

§2254(e)(1); *see also McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004) ("A federal court is to apply a presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption.") Here, Petitioner does not allege why the state court's factual determinations are incorrect and does not object to any particular set of facts as erroneously found. Petitioner may object to this well-settled area of federal habeas corpus review, however such an objection lacks merit. At a minimum, the petition must contain factual allegations or argument supporting the contention that the state court's factual findings are not entitled to deference by the federal court. *See Loveday v. Davis*, 697 F.2d 135, 138 (6th Cir. 1983).

### I. Objection #8

The Court construes Petitioner's eighth objection to be directed at the Magistrate Judge's conclusion that the Michigan Court of Appeals's rejected Petitioner's Fourth Amendment claim on an adequate and independent state law ground. The Magistrate Judge was correct in reaching this conclusion. When a habeas corpus petitioner's federal claim is defaulted by the state courts "pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the p[etitioner] can demonstrate cause of the default and actual prejudice as a result of the alleged violation . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The state court must have "clearly and expressly" stated its judgment rested on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

In denying his claim, the Michigan Court of Appeals expressly relied on Petitioner's failure to preserve his Fourth Amendment claim based on the purported invalid September 20, 2007 search warrant.

> Defendant first argues that a September 20, 2007, search warrant for his home, vehicle, and computer was invalid because it was not supported by probable cause.
>
> \* \* \*
>
> Although the trial court recognized that defendant had raised a challenge to a warrant on the ground that 'it stated no probable cause for his arrest nor did it have an affidavit attached,' the court declined to further consider that issue because defendant failed to specify which warrant he was contesting. Thus, the record does not support defendant's claim that this issue was preserved below.
>
> \* \* \*
>
> Thus, the September 20, 2007, warrant is not properly before this Court for review.

See Dkt. No. 10-26 at 2. Thus, the Magistrate Judge correctly found that the Michigan Court of Appeals's expressly relied on an adequate and independent ground in rejecting his claim. The Court also notes that the Magistrate Judge properly concluded that Petitioner has not demonstrated "cause" to excuse the procedural default of his claim, or "prejudice" resulting therefrom. In any event, as previously held, *Stone v. Powell* bars federal review of Petitioner's Fourth Amendment claims.

### J. Objection #9

Petitioner next raises arguments previously argued and rejected by this Court concerning his Fourth Amendment claims. Here, Petitioner merely reasserts his argument that search warrants for his home, computer and vehicle were invalid for a variety of reasons. As previously held, Petitioner's arguments are without merit.

### K. Objection #10

Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to relief based on his claim that his speedy trial rights were violated. Petitioner merely reargues that the potential loss of witnesses's memories due to the delay between his arrest and trial implicates his right to a speedy trial. However, the state court's factual

findings that none of the witnesses suffered from memory loss in the thirteenth month delay between Petitioner's arrest and the start of trial precludes this Court from reaching a contrary conclusion absent clear and convincing evidence to rebut the presumption that the state court's factual findings are correct.

Thus, the Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to relief on this claim. On direct appeal, the Michigan Court of Appeals's concluded that Petitioner could not establish prejudice from any purported delay between his arrest and trial. *See* Dkt. No. 10-26 at 6. The Court opined that "[t]he only prejudice alleged by defendant was that the delay could affect the memories of witnesses. . . . [o]n the contrary, in denying defendant's motion for new trial, the trial court specifically found that none of the witnesses had claimed any memory problems. Accordingly, defendant failed to establish any violation of his right to a speedy trial." *Id.* This Court will not disturb the factual findings of the state court absent clear and convincing evidence that the State court's factual determinations were incorrect. Petitioner is not entitled to relief on his speedy trial claim.

### L.  Objection #11

As previously discussed, Petitioner's objection to the denial of his privilege against self-incrimination claim is without merit. The fact that evidence taken from Petitioner's laptop was introduced at his trial does not implicate the Fifth Amendment privilege against self-incrimination. *See United States v. Doe*, 465 U.S. 605, 610-11 (1984). Petitioner is not entitled to relief on this claim.

### M.  Objection #12

Petitioner's twelfth objection is plainly meritless. He argues that "Petitioner relies on the facts as laid within his petition as his response." Petitioner argues that the Magistrate Judge incorrectly found that Petitioner's Confrontation Clause, Laptop Computer and Due Process Violation and Sufficiency of the Evidence claims do not warrant the issuance of a writ of habeas corpus. It is well settled that failure to file **specific** objections with supporting factual and legal support waive the requirement of *de novo* district court review. *See Thomas v. Arn*, 474 U.S. 140, 141-42 (1985)(emphasis supplied).

### N.  Objection #13

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to release from custody pending resolution of his habeas application. The Court agrees with the Magistrate Judge's conclusion that Petitioner has failed to demonstrate the requirements for release pending disposition of his petition. He has not shown that his petition raises any substantial constitutional questions on which he can prevail, nor that extraordinary circumstances exist which warrant release. In any event, Petitioner's motion for bond pending disposition of this matter is moot as the Court concludes that none of Petitioner's claims present meritorious constitutional questions.

### O.  Certificate of Appealability

Lastly, the Magistrate Judge correctly found that petitioner is not entitled to a certificate of appealability. Before petitioner may appeal the court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re*

*Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting Slack, 529 U.S. at 484). Petitioner is not entitled to a certificate of appealabiltiy because he has failed to demonstrate a substantial showing of the denial of a constitutional right, or that jurists of reason would conclude this court's decision on petitioner's claims are debatable or wrong.

### III. CONCLUSION

For the reasons set forth above, Magistrate Judge Paul Komives' October 15, 2012 Report and Recommendation [#22] is ACCEPTED in part and MODIFIED in part.

Petitioner's Motion for Immediate Release from Custody [#18] is DENIED.

Petitioner's Motion for Partial Summary Judgment [#19] is DENIED.

Petitioner's Motion for Default Judgment is [#21] is DENIED.

Petitioner's Motion for Leave of the Court and Request for Discovery and Appointment of Counsel [#24] is DENIED.

Petitioner's petition for a writ of habeas corpus is DENIED and this cause of action is dismissed.

A certificate of appealability shall not issue. Leave to proceed *in forma pauperis* on appeal is denied. *See* Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

Dated: November 20, 2012

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 20, 2012, by electronic and/or ordinary mail and also to Nelson Sumpter.

/s/ Tanya Bankston
Deputy Clerk