UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELSON SUMPTER,

      Petitioner,                                      Case No. 11-cv-13385
                                                          HON. GERSHWIN A. DRAIN

vs.

MARY BERGHUIS,

      Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT [#27]**

      Petitioner, Nelson Sumpter, filed a *pro se* petition for a writ of habeas corpus. On November 20, 2012, this Court entered an Order denying Petitioner's petition for a writ of habeas corpus and denying a certificate of appealability. *See* Dkt. No. 27. On December 17, 2012, Petitioner filed a Motion to Alter or Amend Judgment. Petitioner moves for relief from this Court's November 20, 2012, Order and Judgment denying him habeas relief.

      Rule 59(e) allows a district court to consider a motion to alter or amend a judgment when, as here, it is filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010). The district court may alter or amend a judgment under Rule 59(e), however "it may not be used to relitigate old

-1-

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008).  "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court . . . ." *Huff v. Metro Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

A Rule 60(b) motion does not serve as a substitute for an appeal or bring for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, No. 92-6247, 1993 U.S.App. LEXIS 15347, *3 (6th Cir. June 15, 1993) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).  Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will be served."  *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997).  Rule 60(b) states in part:

> **(b) Grounds for Relief from Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied.  *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).  A Rule

60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Based on the above, Petitioner is not entitled to relief from this Court's November 20, 2012 Order and Judgment denying his petition for a writ of habeas corpus. Petitioner presents the same arguments he previously raised in his petition for habeas corpus, which have already been reviewed and rejected by this court. He is not entitled to relief from judgment. *Brumley v. Wingard*, 269 F. 3d 629, 647 (6th Cir. 2001).

Accordingly, Petitioner's Motion to Alter or Amend Judgment [#27] is DENIED.

Dated: March 4, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 4, 2013, by electronic and/or ordinary mail and also to Nelson Sumpter.
/s/ Tanya Bankston
Deputy Clerk